RENDERED:  DECEMBER 9, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0254-MR

JAMES HARRISON  APPELLANT

APPEAL FROM FULTON CIRCUIT COURT
v.  HONORABLE TIMOTHY A. LANGFORD, JUDGE
ACTION NO. 20-CI-00035

FULTON COUNTY
DETENTION CENTER AND
STEVEN WILLIAMS, JAILER  APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; CALDWELL AND MAZE, JUDGES.

MAZE, JUDGE:  James Harrison, *pro se*, appeals from a summary judgment of the

Fulton Circuit Court dismissing his appeal from the denial of his open-records

request made to the Fulton County Detention Center ("FCDC").  We agree with

the circuit court that the records were not subject to disclosure under KRS[1] 197.025(2). Hence, we affirm.

Harrison is an inmate of the Kentucky Department of Corrections ("DOC"), currently housed at the Eastern Kentucky Correctional Complex. On March 26, 2020, Harrison mailed an open-records request to the FCDC and Jailer Steven Williams, which requested: (1) any logs showing an attorney's name who visited while he was lodged at the FCDC; and (2) a copy of that attorney's driver's license provided at the time of the visit. The FCDC denied the request based upon KRS 197.025(2) because the records did not specifically pertain to Harrison. Harrison sought review of the FCDC's decision by the Attorney General's Office pursuant to KRS 61.880. On May 28, 2020, the Attorney General's Office issued a decision upholding the denial. The opinion concluded that the FCDC is a correctional institution under the jurisdiction of the DOC. Consequently, the opinion found that Harrison's request was subject to the provisions of KRS 197.025(2).

Harrison then filed an appeal from this decision to the Fulton Circuit Court, as provided by KRS 61.882(3). The circuit court likewise agreed that the FCDC is under the jurisdiction of the DOC. As a result, the court held that the

---

[1] Kentucky Revised Statutes.

FCDC properly denied Harrison's request as not complying with KRS 197.025(2). Harrison now appeals to this Court.

The sole issue in this appeal concerns the application of KRS 197.025(2), which provides as follows:

> KRS 61.870 to 61.884 to the contrary notwithstanding, the department shall not be required to comply with a request for any record from any inmate confined in a jail or any facility or any individual on active supervision under the jurisdiction of the department, unless the request is for a record which contains a specific reference to that individual.

The DOC bore the burden of proof to establish that the records were exempt from disclosure. *Commonwealth v. Chestnut*, 250 S.W.3d 655, 659 (Ky. 2008). However, the construction and application of statutes is a question of law and subject to *de novo* review on appeal. *Pearce v. Univ. of Louisville, by & through its Bd. of Trustees*, 448 S.W.3d 746, 749 (Ky. 2014).

Harrison argues that the statute only applies to record requests made to the DOC and not directly to a county jail like the FCDC. However, the statute specifically applies to record requests pertaining to "any inmate confined in a jail or any facility or any individual on active supervision under the jurisdiction of the [DOC.]" Here, Harrison requested records pertaining to a visitor to the FCDC while he was confined there in 2017. The record clearly establishes that he was under the jurisdiction of the DOC at that time. Furthermore, the DOC has

-3-

authority to adopt and enforce standards for jails, KRS 196.030(1)(e), as well as over jails in counties which elect to house state prisoners. KRS 441.055. Therefore, we agree with the Attorney General that KRS 197.025(2) was applicable to Harrison's open-records request.

Under the clear language of the statute, Harrison was not entitled to any record that did not contain a specific reference to him. The FCDC responded that it located records responsive to Harrison's request, but none of them contained a specific reference to him. Therefore, we agree with the circuit court that the FCDC properly denied the request.

Accordingly, we affirm the summary judgment of the Fulton Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

James Harrison, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEES:

Stacey A. Blankenship
Paducah, Kentucky